## FARMERS & MERCHANTS' BANK OF STOCKTON v. RICHARDS et al.

### Sac. No. 251; May 31, 1898.

#### 53 Pac. 439.

Notes—Fraud as Defense.—No Defense to Note is Shown by answer alleging that, by false representations of plaintiff's officers, defendant was induced to make the note in payment of others previously given for money borrowed by him from plaintiff, no damage being shown.

Notes.—Fraudulent Representations, to be Defense to note, must be such as to cause defendant to execute the note.

APPEAL from Superior Court, San Joaquin County; J. K. Law, Judge.

Action by the Farmers & Merchants' Bank of Stockton against L. A. Richards and others. Judgment for plaintiff. Defendants appeal. Affirmed.

Van R. Paterson and Jas. A. Louttit for appellants; Budd & Thompson and Nicol & Orr, for respondent.

BRITT, C.—Plaintiff, a corporation, sued in this action on a promissory note for the sum of $2,703, dated October 6, 1894, made by defendants in plaintiff's favor, and secured by pledge of certain shares of stock, the property of defend-

ant Richards. Judgment was for plaintiff, directing the sale of the stock, and against defendants, personally, for the deficiency, if any, to remain after applying the proceeds of sale to the amount due on the note, etc. The question here is on the propriety of an order of the court below sustaining a demurrer to defendants' answer.

It was alleged in the answer, in substance, among other things, that, at and prior to the date of the note, D. S. Rosenbaum, P. B. Fraser and D. A. Guernsey were officers of the plaintiff, and were the general managers of its affairs; that the same three persons were copartners of defendant Richards in the business of farming; that at said date such copartnership was indebted to said Richards in a sum exceeding $8,000, as his said copartners and also the plaintiff well knew; that with the intent to procure the execution of said note, and of defrauding said Richards, his copartners, the said Guernsey, Rosenbaum and Fraser, falsely represented to him that he had no credits to his account with said copartnership as one of the members thereof, but was indebted to the same; that Richards, believing such representations to be true, and having no knowledge of the true state of the partnership accounts, "made and executed the promissory note set forth in the complaint herein on the sixth day of October, 1894, in payment of other notes theretofore given by the defendant Richards to plaintiff for money borrowed by him from plaintiff"; that he would not have executed the note but for the said false representations; and that the other defendant, Loughead, signed the note merely as surety for Richards. It was further averred that said note is held by plaintiff in trust for the sole benefit of Guernsey, Rosenbaum and Fraser, "for the fraudulent purposes hereinabove alleged." In the last analysis the answer stated no more than that, by the alleged false representations of plaintiff's officers, defendant Richards was induced to make the note in suit in payment of other notes previously given for money borrowed by him from plaintiff. How Richards was injured by this novation is not made to appear. His later obligation is not shown to have been more onerous than the former ones. Fraud without injury gives, in general, neither ground of action nor defense. Again, why should the information that Richards was indebted to the partnership of Guernsey, Rosenbaum, Fraser & Richards have con-

strained him to execute the note to plaintiff? . The relation of cause and effect between the alleged false representation and the execution of the note to plaintiff does not appear from the nature of the alleged transactions, or from any other averments of the answer.   That such relation existed was essential to the defense: Kerr, Fraud & M., Bump's ed., p. 74; Byard v. Holmes, 34 N. J. L. 296.   The allegation that plaintiff holds the note in trust for Richards' copartners, construed with reference to other parts of the answer, is but a statement of matter of law unsupported by averments of fact.   The judgment should be affirmed.

We concur: Searls, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.